IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

LOUIS R. DELUCA, ELIZABETH DELUCA,     Case No. _____
AND UBS, INC.,

         Petitioners,

v.

STIFEL, NICOLAUS & CO., INC.,

         Respondent.
_____/

**PETITION TO CONFIRM ARBITRATION AWARD**

Pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, Petitioners, LOUIS R. DELUCA, ELIZABETH DELUCA and UBS, INC., respectfully request confirmation of a Financial Industry Regulatory Authority (FINRA) arbitration award entered on October 3, 2024, in favor of Petitioners, and against STIFEL, NICOLAUS & CO., INC., a copy of which is attached hereto as **Exhibit A**.

**INTRODUCTION**

1. Petitioners, LOUIS R. DELUCA ("LOUIS"), ELIZABETH DELUCA ("ELIZABETH") and UBS, INC. ("UBS") (hereinafter may be referred to as the "DELUCAS"), maintained brokerage accounts with STIFEL, NICOLAUS & CO., INC., ("STIFEL"). The DELUCAS sustained significant losses allegedly caused by STIFEL and its registered representative, Chuck Roberts ("Roberts"). The DELUCAS sustained losses in complex securities known as structured notes, and in volatile and high risk equities.

1

2. On May 9, 2023, the DELUCAS filed a FINRA Arbitration claim against STIFEL for breach of fiduciary duty, negligence, negligent supervision, fraud, breach of contract and violation of the Florida Securities and Investor Protection Act.

3. On July 8-12, July 15-17 and August 26-28, 2024, an arbitration hearing was conducted in Boca Raton, Florida before a three member FINRA Arbitration panel. The FINRA arbitration panel heard 11 days of evidence. The parties presented 11 witnesses as well as extensive documentary evidence. The parties also submitted extensive pre-trial submissions.

4. On October 3, 2024, the FINRA panel delivered its award (hereinafter the "FINRA arbitration Award") in favor of the DELUCAS and against STIFEL as follows:

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent is liable for and shall pay to Claimants L. Deluca and E. Deluca the sum of $1,998,311.00 in compensatory damages, which includes Florida Statute Chapter 517 interest through June 30, 2023. Additional interest on this amount will continue to accrue at the Florida Statutory interest rate from July 1, 2023, until paid in full

2. Respondent is liable for and shall pay to Claimant UBS the sum of $2,067,125.00 in compensatory damages, which includes Florida Statute Chapter 517 interest through June 30, 2023. Additional interest on this amount will continue to accrue at the Florida Statutory interest rate from July 1, 2023, until paid in full.

3. Included in the above-referenced awarded compensatory damages to Claimants is the Florida Statute Chapter 517 interest awarded at the various rates listed below. Respondent is liable for and shall pay to Claimants interest on the above awards of compensatory damages from the date of purchase of securities, January 1, 2021, until the

2

    date of disposition of the securities, June 30, 2023, as follows:

    a. Respondent is liable for and shall pay to Claimants interest on the above-stated sums at the rate of 4.81% per annum from January 1, 2021, through and including March 31, 2021.

    b. Respondent is liable for and shall pay to Claimants interest on the above-stated sums at the rate of 4.31% per annum from April 1, 2021, through and including June 30, 2021.

    c. Respondent is liable for and shall pay to Claimants interest on the above-stated sums at the rate of 4.25% per annum from July 1, 2021, through and including June 30, 2022.

    d. Respondent is liable for and shall pay to Claimants interest on the above-stated sums at the rate of 4.34% per annum from July 1, 2022, through and including September 30, 2022.

    e. Respondent is liable for and shall pay to Claimants interest on the above-stated sums at the rate of 4.75% per annum from October 1, 2022, through and including December 31, 2022.

    f. Respondent is liable for and shall pay to Claimants interest on the above-stated sums at the rate of 5.52% per annum from January 1, 2023, through and including March 31, 2023.

    g. Respondent is liable for and shall pay to Claimants interest on the above-stated sums at the rate of 6.58% per annum from April 1, 2023, through and including June 30, 2023.

4. Respondent is liable for and shall pay to Claimants the sum of $9,000,000.00 in punitive damages pursuant to common law and Florida Statute Chapters 768 and 517.

5. Respondent is liable for and shall pay to Claimants the sum of $1,100,000.00 in attorneys' fees, pursuant to Florida Statute Chapter 517.

6. Respondent is liable for and shall pay to Claimants the sum of $100,000.00 in costs.

7. Respondent's request for expungement on behalf of Unnamed Person Roberts (CRD Number 2064602) of Occurrence Number 2275924 from registration records maintained by the CRD is denied with prejudice.

8. Respondent shall pay Claimants the sum of $625.00, representing reimbursement of the non-refundable portion of the initial claim filing fee paid by Claimants to FINRA Dispute Resolution Services.

9. Any and all claims for relief not specifically addressed herein, including any requests for attorneys' fees, are denied.

See **Exhibit A** (FINRA arbitration Award).

## PARTIES

5. LOU and ELIZABETH are residents of Jupiter, Florida. LOU and ELIZABETH are married.

6. UBS is a corporation organized and existing under the laws of the State of New York. LOU is the owner of UBS.

7. Respondent, STIFEL, is a corporation organized and existing under the laws of Missouri. STIFEL is registered with the Florida Office of Financial Regulation as a securities broker-dealer, and at all times material hereto was conducting business in the State of Florida. At all times relevant and material hereto, STIFEL conducted its business with the DELUCAS through its offices located in Miami, Florida.

## SUBJECT-MATTER JURISDICTION

8. Pursuant to 28 U.S.C. § 1332(a)(1), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States."

4

9. This Court has diversity jurisdiction over this matter because the DELUCAS are residents of Florida, STIFEL is a Missouri corporation with its corporate headquarters and principal place of business in St. Louis, Missouri, and the amount at issue exceeds $75,000.

## VENUE

10. Venue is proper in this district under 9 U.S.C. § 9 because the arbitration was conducted in this district, and/or the FINRA arbitration award was rendered in this District; alternatively, venue is proper in this district per 28 USC §1391 in that a substantial part of the events giving rise to the claim occurred in this district. the DELUCAS' STIFEL financial advisor was employed at STIFEL'S offices located in Miami, Florida and STIFEL conducted its business with the DELUCAS through its offices located in Miami, Florida.

## FACTS

11. The DELUCAS were required to arbitrate any dispute with STIFEL.

12. On May 9, 2023, the DELUCAS filed a FINRA Arbitration claim against STIFEL for breach of fiduciary duty, negligence, negligent supervision, fraud, breach of contract and violation of the Florida Securities and Investor Protection Act. See **Exhibit A**.

13. On July 8-12, July 15-17 and August 26-28, 2024, an arbitration hearing was conducted in Boca Raton, Florida before a three-member FINRA Arbitration panel.

14. On October 3, 2024, a FINRA arbitration panel issued an award included compensatory damages, interest, attorney's fees, costs and punitive damages in favor of the DELUCAS and against STIFEL. See **Exhibit A**.

15. Section 9 of the Federal Arbitration Act provides that a party may, within one (1) year after an arbitration award is made, apply to the court for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected,

as prescribed in section 10 and 11 of this title. 9 U.S.C. § 9 (2008). There are no grounds to vacate, modify, or correct the award.

16. The final arbitration Award is binding on the parties. See **Exhibit A** at p. 1 (stating that the DELUCAS and STIFEL signed FINRA Submission Agreements); and FINRA Rule 12904(b), which the parties agreed to follow and abide under ("Unless the applicable law directs otherwise, all awards rendered under the [FINRA Arbitration] Code are final and are not subject to review or appeal.").

17. The DELUCAS are entitled to confirmation of the FINRA arbitration Award and entry of final judgment in conformity with the FINRA arbitration Award and pursuant to 9 U.S.C. § 9, which provides that a "court must grant such an order unless the award is vacated, modified, or corrected." The statute is unambiguous. As the Supreme Court has explained, "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 587 (2008).

18. For these reasons, the FINRA arbitration Award is ripe for summary proceedings to confirm the award. See Legion Insurance Co. v. Insurance General Agency, Inc., 822 F.2d 541, 543 (5th Cir. 1987) ("Arbitration proceedings are summary in nature to effectuate the national policy of favoring arbitration, and they require 'expeditious and summary hearing, with only restricted inquiry into factual issues.'" (quoting Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 22 (1983)). Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984) ("[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."); Amicizia Societa Navegazione v. Chilean Nitrate and Iodine Sales Corp., 274 F.2d 805, 808 (2d Cir.1960)

("[T]he court's function in confirming or vacating an arbitration award is severely limited. If it were otherwise, the ostensible purpose for resort to arbitration, i.e., avoidance of litigation, would be frustrated.").

19. In this action, the DELUCAS seek confirmation of the award in a Final Judgment to be rendered by this Court, under the Federal Arbitration Act.

20. The DELUCAS request a Final Judgment confirming and adopting the FINRA arbitration Award in its totality, including directing Respondent to compensate Petitioners:

  a. The sum of $4,065,436 in compensatory damages;

  b. Interest on the above stated sum at the rate of 9.50% per annum from July 1, 2023, through and including November 4, 2024;

  c. The sum of $9,000,000 in punitive damages;

  d. The sum of $1,100,000 in attorney's fees;

  e. The sum of $100,000 in costs;

  f. The sum of $625 in reimbursement of the non-refundable portion of the initial claim filing fee paid by the Claimants;

  g. Post judgment interest; and

  h. All such other and further relief as determined to be just as awarded by this Court.

WHEREFORE, Petitioners, LOUIS R. DELUCA, ELIZABETH DELUCA and UBS, INC., respectfully apply to the Court for a Final Judgment confirming the FINRA arbitration award in its totality as requested in this action and as provided by the arbitration award, plus interest until all sums are paid, attorneys' fees, costs, and for such other or further relief the Court deems proper.

Dated: October 4, 2024

        **EREZ LAW, PLLC**
        Attorneys for Petitioners
        One Downtown
        1 SE 3rd Avenue, Suite 1670
        Miami, FL   33131
        Telephone Number:   (305) 728-3320
        Toll Free Number:    (888) 840-1571
        Facsimile Number:   (786) 842-7549

By: _/s/ Jeffrey Erez_____
        Jeffrey Erez, Esq.
        Florida Bar No.: 0102369
        jerez@erezlaw.com
        Stefan Apotheker, Esq.
        Florida Bar No.: 0012502
        sapotheker@erezlaw.com